FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIA DE LA PAZ MEJIA DE
REYES and BENJAMIN REYES
ESPINOSA,

                    Plaintiffs,

        v.

LOREN K. MILLER, ALEJANDRO
MAYORKAS, UR MENDOZA JADDOU,
ANTONY J. BLINKEN, PHILLIP
SLATTERY and RICHARD C. VISEK,

                    Defendants.

No.    4:23-cv-5121-EFS

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS, AND DIRECTING
PLAINTIFFS TO FILE A NOTICE**

        Plaintiffs, a husband and wife, seek to obtain lawful permanent resident

(LPR) status for the husband based on his wife's legal status in the United States.

They have waited almost two years for the government to process the husband's

I-601 application, just one of the many steps in his process to become a lawful

permanent resident. Tired of waiting, Plaintiffs filed this lawsuit asking the Court

to compel the government to process the I-601 application and schedule and

adjudicate the DS-260 immigrant visa interview. Pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6), Defendants ask the Court to dismiss the Complaint.

Plaintiffs agree that their claims related to the DS-260 process are unripe but disagree that their claims related to the I-601 application should be dismissed. For the reasons that follow, Defendants' motion to dismiss is granted: part of Plaintiffs' I-601 application claim is dismissed due to lack of jurisdiction and the remainder of the claim fails to state a plausible claim for relief at this time.

# I.    BACKGROUND[1]

## A.    Immigration Process

A foreign citizen seeking to live permanently in the United States requires an immigrant visa.[2] To obtain an immigrant visa based on a close family relationship

---

[1] At the motion to dismiss stage, federal courts generally do not consider evidence outside of the pleadings unless the complaint "necessarily relies" on such evidence. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). This background section includes information from two declarations filed by Defendants pertaining to immigration applications filed by Plaintiffs and the action taken by Defendants on those immigration applications. Because this information, which is properly subject to judicial notice and was not contested by Plaintiffs, adds context to the Court's subject-matter jurisdiction analysis, this information is included in the Background.

[2] 8 U.S.C. § 1255(a) (listing requirements to adjust the status of an alien to lawful permanent resident); U.S. Dep't of State, Family Immigration,

with a U.S. citizen or lawful permanent resident (LPR) is a multi-step process.[3] The first step under the Immigration and Nationality Act is for the relative, who is a U.S. citizen or LPR, to file a Petition for Alien Relative with USCIS (the Attorney General)[4] on behalf of her noncitizen family member to classify that noncitizen as an immigrant relative.[5] Here, that initial step has been satisfied: the government

---

https://travel.state.gov/content/travel/en/us-visas/immigrate/family-immigration.html (last visited June 3, 2024).

[3] *See* 8 U.S.C. § 1202 (requiring the alien to be admissible to the United States for permanent residence and eligible to receive an immigrant visa); U.S. Dept. of State Foreign Affairs Manual, 9 FAM 504.1-3(a)(2) (requiring, subject to narrow exceptions, an immigrant visa applicant to appear for an interview).

[4] The statute refers to the Attorney General, but Congress transferred enforcement of immigration laws to the Secretary of Homeland Security under the Homeland Security Act of 2002. 6 U.S.C. §§ 271(b), 557; Pub. L. No. 107-296, § 402, 116 Stat. 2135, 2178 (2002). The Homeland Security Act created USCIS as a division within the Department of Homeland Security to be responsible for the administration of immigration applications.  For ease of reading, the Court uses the term "Attorney General," as that is the entity referred to in the pertinent statutes.

[5] 8 U.S.C. § 1154(a)(1)(A)(i).

approved the husband as an immigrant relative of his wife, who is a lawful

permanent resident of the United States.[6]

The husband then filed an I-601A Provisional Unlawful Presence Waiver so

that he could reside in the United States while he waited for his interview with the

U.S. consular.[7] This waiver application was approved.[8] Years later, the consular

interview was scheduled, and the husband appeared for a consular interview in

Mexico.[9] The consular officer determined the husband was inadmissible to the

United States, per 8 U.S.C. § 1182(a)(6)(E) and (a)(9)(B), based on a finding that the

husband had both smuggled noncitizens into the United States *and* accrued

unlawful presence in the United States.[10] Based on the government's refusal to

issue a visa, the husband's previously approved I-601A waiver of unlawful presence

was automatically revoked.[11]

---

[6] ECF No. 1, Ex. A.

[7] Roller Decl. ¶ 3, ECF No. 12; 8 U.S.C. § 1182(a)(9)(B); 8 C.F.R. § 212.7(e).

[8] Roller Decl. ¶ 3, ECF No. 12.

[9] Roller Decl. ¶ 4, ECF No. 12. *See* 8 U.S.C. § 1202(h) (requiring every

nonimmigrant visa applicant to attend an in-person interview with a consular

official); 9 Foreign Affairs Manual 302.11-3(D)(1)(b)(3)(C).

[10] Roller Decl. ¶ 5, ECF No. 12; McDonald Decl. ¶ 4, ECF No. 13.

[11] Roller Decl. ¶ 5, ECF No. 12.  *See* 8 C.F.R. § 212.7(e)(14)(i).

On July 29, 2022, the husband filed a Form I-601 Application for Waiver of Grounds of Inadmissibility, asking the government to find that he is not inadmissible under 8 U.S.C. § 1182(a) for being a smuggler or for having unlawful presence.[12] Now, almost two years later, the husband's I-601 application remains pending. The I-601 application must be granted in order for another visa interview to be scheduled.[13]

Plaintiffs allege that due to the "extended delay, [they] have suffered multiple hardships. The family has been forced to live in separate countries and Plaintiff-husband's ability to become a lawful permanent resident and to reside in that status with Plaintiff-wife has been seriously delayed."[14] Plaintiffs assert that Plaintiff-husband has lived in Mexico since April 2018, while his wife has lived in Washington.[15] Plaintiffs allege that due to the delay they have suffered "ongoing and substantial injuries personally and emotionally," including "stress and financial concerns."[16]

---

[12] ECF No. 1, Ex. B; Roller Decl. ¶ 6, ECF No. 12. *See generally* https://www.uscis.gov/sites/default/files/document/forms/i-601instr.pdf (Form I-601 instructions).

[13] ECF No. 1 ¶ 29.

[14] ECF No. 1 ¶ 8.

[15] *Id.* ¶¶ 3, 15.

[16] *Id.* ¶¶ 44, 57.

**B.    Litigation**

Plaintiffs ask the Court to compel the government to process the husband's I-601 application and, once that process is complete, to schedule a second interview for a DS-260 immigrant visa application. Plaintiffs seek this relief pursuant to the Administrative Procedures Act (APA) and the Mandamus Act, maintaining that these claims support federal-question jurisdiction.[17] Plaintiffs highlight that the government's delay acting on the I-601 application fails to comply with the recommended 180-day timeframe set forth in the Immigration and Nationality Act (INA).[18]

Defendants argue that dismissal of the APA unreasonable-delay claim is required under Federal Rule of Civil Procedure 12(b)(1) because the pace at which an I-601 application is processed is an act shielded from judicial review by the INA. Alternatively, pursuant to Rule 12(b)(6), Defendants seek dismissal of both the APA and the Mandamus Act claims, arguing that Plaintiffs have not alleged facts to support their allegation that a decision on the I-601 application has been unreasonably delayed. Plaintiffs oppose Defendants' requested relief, except

---

[17] ECF No. 1. *See* 5 U.S.C. §§ 555, 701 *et seq.* (APA); 28 U.S.C. § 1331 (federal-question jurisdiction); 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 2201 (Declaratory Judgment Act).

[18] ECF No. 1 (citing 8 U.S.C. § 1571(b)).

Plaintiffs agree that the DS-260 claims against the State Defendants may be dismissed because they are unripe.

## II.    MOTION TO DISMISS STANDARDS

Defendants have the burden of establishing that dismissal is appropriate.[19] A Rule 12(b)(1) motion seeks dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual."[20]  A Rule 12(b)(6) motion seeks dismissal for failure to allege facts sufficient to state any plausible claim.[21]

## III.    ANALYSIS

**A.    DS-260 Application Claims**

The State Department Defendants seek dismissal of the claims against them on the grounds that the DS-260-visa-related claims are unripe. Plaintiffs agree.[22] Therefore, the claims against the State Department Defendants are dismissed.

---

[19] *Thompson v. McCombe*, 99 F.3d 352, 352 (9th Cir. 1996).

[20] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (citation and internal quotation marks omitted)).

[22] ECF No. 15 at 4, 7–8.

**B.    I-601 Application Claims**

> 1.    <u>Rule 12(b)(1): Judicial review is not precluded under the APA for the requested waiver of alien smuggling but is precluded for the requested waiver of unlawful presence.</u>

The APA requires an agency to "conclude a matter presented to it" "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time.[23] Therefore, the APA allows a plaintiff to bring an action to "compel agency action unlawfully or unreasonably delayed."[24] Yet, Congress placed limits on a plaintiff's ability to bring certain actions under the APA. The APA does not allow a plaintiff to bring a claim if another statute precludes judicial review or if the agency action is committed to agency discretion by law.[25]

Here, Plaintiffs allege that Defendants have unreasonably delayed acting on the husband's I-601 application and, therefore, ask the Court to compel Defendants to adjudicate the I-601 application within 21 days of the judgment.[26] Defendants argue that court review of this alleged unreasonable delay is precluded because 1) provisions of the INA bar judicial review of the government's pace of determining whether the husband is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(E) due to

---

[23] 5 U.S.C. § 555(b).

[24] *Id.* § 706.

[25] *Id.* § 701(a).

[26] ECF No. 1.

smuggling noncitizens and/or pursuant to § 1182(a)(9)(B) for prior unlawful presence in the United States; and 2) the government's decision—and pace of that decision—on an I-601 application is committed to agency discretion.

One of the INA statutes relied on by Defendants to strip the court of jurisdiction to hear the unreasonable-delay claim as to Plaintiffs' I-601 application states:

> (2) Matters not subject to judicial review
>
> . . . .
>
> (B) Denials of discretionary relief
>
> > Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review*—
> >
> > (i)     any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii)    *any other decision or action* of the Attorney General or the Secretary of Homeland Security *the authority for which is specified under this subchapter to be in the discretion* of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.[27]

---

[27] 8 U.S.C. § 1252(a).

1   The subchapter referenced in subsection (ii) is Title 8, Chapter 12, Subchapter II,

2   codified at 8 U.S.C. §§ 1151–1381, titled "Immigration."[28] This subchapter includes

3   8 U.S.C. § 1182, the statute Plaintiffs rely on to have immigration authorities waive

4   the applicability of the prior finding that the husband engaged in smuggling of

5   noncitizens to the United States or his prior unlawful presence in the United States.

6   Section 1182(a)(6)(E) pertains to smuggling of noncitizens, and § 1182(a)(9)(B)

7   pertains to prior unlawful presence in the United States. [29]

8         a.    *Section 1182(a)(6)(E): smuggling of noncitizens*

9       "Any alien who at any time knowingly has encouraged, induced, assisted,

10   abetted, or aided any other alien to enter or to try to enter the United States in

11   violation of law is inadmissible."[30] Subsection (iii) of that statute allows for a waiver

12   of the 'smuggling prohibition,' pursuant to 8 U.S.C. § 1182(d)(11).[31] Section

13   1182(d)(11) states:

14       The Attorney General may, *in his discretion for humanitarian purposes,*

15       *to assure family unity, or when it is otherwise in the public interest, waive*
        *application of clause (i) of subsection (a)(6)(E)* in the case of any alien

16       lawfully admitted for permanent residence who temporarily proceeded
        abroad voluntarily and not under an order of removal, and who is

17       otherwise admissible to the United States as a returning resident under
        section 1181(b) of this title and in the case of an alien seeking admission

---

18   [28] *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

19   [29] 8 U.S.C. § 1182(a).

20   [30] *Id.* § 1182(a)(6)(E)(i).

21   [31] *Id.* § 1182(a)(6)(E)(iii) ("For provision authorizing waiver of clause (i), see

22   subsection (d)(11)").

or adjustment of status as an immediate relative or immigrant under section 1153(a) of this title (other than paragraph (4) thereof), if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.[32]

Defendants argue that the pace the Attorney General considers an I-601 application, which asks the Attorney General to waive the smuggling prohibition, qualifies as "any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General."[33] The Court disagrees.

The Court's statutory analysis is guided by the requirement that "clear and convincing evidence of a congressional intent to preclude judicial review entirely"[34] is needed because there is a "well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action."[35] Congressional intent to preclude judicial review can be found in "specific language in a provision or drawn from the statutory scheme as a whole."[36] When assessing Congressional intent, courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other

---

[32] 8 U.S.C. § 1182(d)(11) (emphasis added).

[33] *Id.* § 1252(a)(2)(B)(ii).

[34] *Reno v. Cath. Soc. Servs.*, 509 U.S. 43, 44 (1993).

[35] *McNary v. Haitian Refugee Ctr.*, 498 U.S. 479, 496 (1991).

[36] *Patel v. Garland*, 596 U.S. 328, 347 (2022) (cleaned up).

provisions of the same statute inconsistent, meaningless, or superfluous."[37]

"Phrases must be construed in light of the overall purpose and structure of the

whole statutory scheme."[38]

When considering these INA provisions individually and together, it is not

clear that Congress intended to preclude judicial review of the pace at which the

government considers an I-601 application seeking a waiver of inadmissibility due

to smuggling of noncitizens. First, looking at the language of § 1252(a)(2)(B)(ii), this

statute requires the "*any other decision or action* of the Attorney General" to be one

"*the authority for which is specified under this subchapter to be in the discretion* of

the Attorney General." Defendants argue that the terms "any" and "action" indicate

that Congress intended this provision to apply broadly. Yet, this argument

overlooks that the authority for the "action" must be "specified under this

subchapter to be in the discretion of the Attorney General . . . ." Congress did not

clearly preclude a court considering a plaintiff's claim that the Attorney General

unreasonably delayed a decision on a requested waiver of the smuggling

prohibition.

Second, § 1182(d)(11)'s grant of discretion to the Attorney General as to

whether to waive the smuggling prohibition is limited to the Attorney General's

---

[37] *Rodriguez v. Sony Computer Entm't Am.*, 801 F.3d 1045, 1051 (9th Cir. 2015)
(cleaned up).

[38] *Id.* (cleaned up).

consideration of whether the waiver would serve "humanitarian purposes, to assure family unity, or . . . is otherwise in the public interest."[39] This is the extent of the specified discretion, i.e., the specified discretion relates to what factors— humanitarian, family-unity, and other public-interest factors—the Attorney General may consider when deciding whether a spouse or other listed family member should qualify for a smuggling-prohibition waiver.[40] This specified-discretion phrase is set off by commas from the remainder of the provision. By its wording and structure, § 1182(d)(11) does not clearly and convincingly indicate that Congress intended to preclude judicial review of the reasonableness of the timeframe in which it takes the Attorney General to exercise its specified discretion. As required, the Court construes the provision narrowly and does not expand it "beyond its precise language."[41]

Likewise, the language in § 1252(a)(2)(B)(ii) and § 1182(d)(11) do not clearly indicate that Congress intended for the Attorney General to have unlimited discretion as to the pace to employ when deciding whether to waive the smuggling

---

[39] 8 U.S.C. § 1182(d)(11).

[40] *See Kucana*, 558 U.S. at 252–53 (recognizing that only Congress—not the agencies implementing the INA—may limit federal court jurisdiction).

[41] *Wong v. United States*, 373 F.3d 952,963 (9th Cir. 2004) (cleaned up), overruled in part on other grounds, *Wilkie v. Robbins*, 551 U.S. 537 (2007).

prohibition.[42] The APA provides a plaintiff with a right to seek relief from agency action unreasonably delayed or withheld. Nothing in these INA provisions indicate that the Court's jurisdiction to hear a claim that the Attorney General unreasonably delayed its decision on a requested smuggling-prohibition waiver was clearly withdrawn by Congress.[43]

Therefore, Defendants' motion to dismiss Plaintiffs' APA claim alleging that Defendants have unreasonably delayed in reviewing Plaintiff's I-601 application request to waive the smuggling prohibition is denied under Rule 12(b)(1).

b.    <u>Section 1182(a)(9)(B): prior unlawful presence</u>

A different statute governs the Attorney General's consideration of whether to waive a noncitizen's prior unlawful presence in the United States.[44] Section 1182(a)(9)(B)(v) states:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. *No court*

---

[42] *See Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 670 (1986) (recognizing the "strong presumption in favor of judicial review of administrative action).

[43] Given that the APA does not preclude judicial review, the Court has jurisdiction to review the claim under 28 U.S.C. § 1331.

[44] 8 U.S.C. § 1182(a)(9)(B)(i).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

> *shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.*[45]

Unlike the statute related to the smuggling waiver, this statute contains its own jurisdiction-stripping language.

In other recent cases, this Court has been asked to determine whether the language in § 1182(a)(9)(B)(v) precludes judicial review of the Attorney General's pace acting on requested unlawful-presence waivers.[46] After looking at the language

---

[45] 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added).

[46] Whether 8 U.S.C. § 1182(a)(9)(B)(v) bars judicial review of the government's delayed processing of an I-601A application is a question pending before the Ninth Circuit. *Mercado v. Miller*, No. 2:22-cv-2182-JAD-EJY, 2023 WL 4406292, at *2–*3 (D. Nev. July 7, 2023), *appeal pending*, No. 23-16007 (9th Cir. 2023).   *See also, e.g., cases that allow for judicial review*: *Saavedra Estrada v. Mayorkas*, No. 23-2110, 2023 WL 8096897 (E.D. Penn. Nov. 21, 2023), *Lara-Esperanza v. Mayorkas*, No. 23-cv-1415-NYW-MEH, 2023 WL 7003418 (D. Colo. Oct. 24, 2023); *Bamba v. Jaddou*, No. 1:23-cv-0357, 2023 WL 5839593, at *4 (E.D. Va. Aug. 18, 2023); *with cases that do not allow for judicial review*: *Candido v. Miller*, No. 23-cv-11196-DJC, 2024 WL 710660 (D. Mass. Feb. 21, 2024); *Singh v. Mayorkas*, No. 3:23-cv-527, 2024 WL 420124 (M.D. Tenn. Feb. 5, 2024); *Calisto v. Sec'y*, 6:23-cv-422-WWB-DCI, 2024 WL 473694 (M.D. Fl. Jan. 22, 2024); *Singh v. U.S. Citizenship & Immigration Servs.*, No. 1:23-cv-254, 2023 WL 8359889 (M.D. Pa. Dec. 1, 2023); *Soni v. Jaddou*, No. 3:23-cv-50061, --- F.Supp.3d ----, 2023 WL 8004292 (N.D. Ill. Nov. 17, 2023); *Beltran*

1  and context of § 1182(a)(9)(B)(v), the Court found that judicial review of the

2  reasonableness of the Attorney General's pace on an unlawful-presence waiver was

3  precluded. Section 1182(a)(9)(B)(v)'s jurisdiction-stripping language broadly

4  precludes judicial "review of a[n] . . . action by the Attorney General regarding a

5  waiver under this clause." The "action" "regarding a waiver" encapsulates the

6  length of time it takes the Attorney General to adjudicate the application for an

7  unlawful-presence waiver.[47]  Thus, the decision on—and the pace at which the

8  Attorney General makes that decision—is a matter that Congress precluded judicial

9  review and committed to agency discretion. The APA provides no avenue for judicial

10  review of Plaintiffs' claim that the Attorney General unreasonably delayed

11  considering the unlawful-presence waiver.

12

13

_____

14  *v. Miller*, No. 4:23-cv-3053-RFR-CRZ, 2023 WL 6958622 (D. Neb. Oct. 20, 2023);

15  *Lozoya Rodriguez v. Mayorkas*, No. 1:22-cv-0753-JB/LF, ECF No. 22 (D.N.M. Sept.

16  27, 2023); *Lovo v. Miller*, No. 5:22-cv-0067, 2023 WL 3550167, at *2–*3 (W.D. Va.

17  May 18, 2023).

18  [47] *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66 (2004) (Congressional

19  prohibitions on review of discretionary decisions of the Executive are meant "to

20  protect agencies from undue judicial interference with their lawful discretion, and

21  to avoid judicial entanglement in abstract policy disagreements which courts lack

22  both expertise and information to resolve.").

Therefore, Defendants' motion to dismiss Plaintiffs' APA claim alleging that Defendants have unreasonably delayed in reviewing Plaintiff's I-601 application request to waive unlawful presence is granted under Rule 12(b)(1).

c.    _Redressability_

As Defendants highlight, a finding that the INA does not preclude an APA claim challenging the pace at which the Attorney General decides an I-601 application for a waiver of the smuggling prohibition but does not allow for judicial review of the reasonableness of the pace at which the Attorney General decides an I-601 application for waiver of unlawful presence presents an interesting redressability issue.[48] The I-601 application is the vehicle by which Plaintiff seeks both of these waivers. Thus, a court order requiring the Attorney General to decide the smuggling-prohibition waiver may require the Attorney General to issue a decision on the entire I-601 application, thereby requiring the Attorney General to decide the unlawful-presence waiver request. There is insufficient information before the Court to assess whether the same agency individuals are responsible for gathering information for or deciding these two separate waivers. However, this

---

[48] _Juliana v. United States_, 947 F.3d 1159, 1170 (9th Cir. 2020) ("To establish Article III redressability, the plaintiffs must show that the relief they seek is both (1) substantially likely to redress their injuries; and (2) with in the district court's power to award.").

1    issue need not be reached because, as is explained below, Plaintiffs fail to state a

2    plausible claim for unreasonable delay at this time.

3         2.    Rule 12(b)(6): Plaintiffs have not plausibly alleged unreasonable delay

4              under either the Mandamus Act or the APA.

5              a.    *Mandamus claim*

6         Plaintiffs sought the same relief—a court order compelling the government to

7    decide the I-601 application seeking waivers of both the smuggling prohibition and

8    unlawful presence—pursuant to the Mandamus Act and the APA.[49] Plaintiffs' fail to

9    state a plausible Mandamus Act claim for two reasons. First, because a potential

10   adequate remedy for their claim that Defendants have unreasonable delayed a

11   decision on the smuggling-prohibition waiver exists under the APA, this portion of

12

13

14

_____

15   [49] The federal mandamus statute provides, "The district courts shall have original

16   jurisdiction of any action in the nature of mandamus to compel an officer or

17   employee of the United States or any agency thereof to perform a duty owed to the

18   plaintiff." 28 U.S.C. § 1361. Mandamus can be "employed to compel action, when

19   refused, in matters involving judgment and discretion, but not to direct the exercise

20   of judgment or discretion in a particular way nor to direct the retraction or reversal

21   of action already taken in the exercise of either." *Wilbur v. U.S. ex rel. Kadrie*, 281

22   U.S. 206, 218 (1930).

the claim cannot be pursued under the Mandamus Act.[50] Second, because Congress

granted the Attorney General "sole discretion to waive" the unlawful-presence

requirement and no court can judicially review the Attorney General's "action . . .

regarding" such a waiver, this portion of the claim fails under the Mandamus Act.[51]

Plaintiffs" Mandamus Act claim is dismissed.

        b.    <u>*APA claim*[52]</u>

The parties agree that the Rule 12(b)(6) analysis for the unreasonable-delay

claim pursuant to the APA is based on the *TRAC* factors.[53] The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a
> "rule of reason"[;] (2) where Congress has provided a timetable or other
> indication of the speed with which it expects the agency to proceed in
> the enabling statute, that statutory scheme may supply content for
> this rule of reason [;] (3) delays that might be reasonable in the sphere

---

[50] *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (identifying that a claim

pursuant to the Mandamus Act requires that no other adequate remedy be

available).

[51] *See id.* (identifying that a claim pursuant to the Mandamus Act requires that the

official's duty be "nondiscretionary, ministerial, and so plainly prescribed as to be

free from doubt").

[52] Because the Court does not have the authority to review the Attorney General's

pace as to an unlawful-presence waiver, the Court's 12(b)(6) analysis focuses on the

smuggling waiver.

[53] *See, e.g.*, *Indep. Min. Co.*, 105 F.3d 502, 507 (9th Cir. 1997) (citing *Telecomm.*

*Research Action Ctr. v. FCC (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

These two factors pertain to the time involved, with the first factor given the most weight, but it is not itself determinative.[54] Plaintiffs I-601 application was received by the government on July 29, 2022. Therefore, when Plaintiffs filed their Complaint on August 29, 2023, about one year had passed, and now almost two years have passed. Although Congress has not set a timeframe in which an I-601 application must be decided, Congress stated: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."[55] The Ninth Circuit has held that similar "sense of Congress" language coupled with the term "should" is treated as "non-binding, legislative dicta."[56] Because Congress's 180-day timeframe is not binding on the agency, nor is there Ninth Circuit authority to guide the Court as to what a "rule of reason" may be, the Court follows the majority of district courts to determine that a delay of 24 months is not unreasonable, absent other *TRAC* factors weighing heavily in the plaintiffs' favor, which they do not here. Courts have

---

[54] *In re A Cmty. Voice,* 878 F.3d 779, 786 (9th Cir. 2017).

[55] 8 U.S.C. § 1571(b).

[56] *Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 961–62 (9th Cir. 1999).

routinely found, as a matter of law, that government delays of less than 3 years to decide an immigration application are not unreasonable.[57]

As to the third and fifth factors, human health and welfare at stake and extent of interests prejudiced by delay, Plaintiffs assert that they have had to live in separate countries, causing emotional stress and financial concerns. The Court sympathizes with Plaintiffs' experience; however, such hardships are common burdens shared by those waiting for action on I-601 applications and other immigration applications. Plaintiffs have not alleged facts that show that their emotional distress and financial concerns are of such severity that they state a

---

[57] *See, e.g.*, *Chen v. Mayorkas*, 23-cv-1357 (PKC) (VMS), 2024 WL 2846911 (E.D.N.Y. June 5, 2024) (finding a delay of about 36 months, when the current processing time for the I-601A waiver is 43 months, to not be unreasonable); *Dastagir v. Blinken*, 557 F. Supp. 3d 160, 162 (D.D.C. 2021) (finding that a delay of 29 months at the point of filing suit after being placed in "administrative processing" following consular interview was not unreasonable); *Zhang v. Cissna*, CV-18-9696-MWF (JCx), 2019 WL 3241187 (C.D. Cal. Apr. 25, 2019) (listing cases finding that delays of 3–5 years no unreasonable, while cases finding delays exceeding five years was unreasonable); *In re Cal. Power Exch. Corp.*, 245 F.3d 1110, 1125 (9th Cir. 2001) ("The cases in which courts have afforded relief have involved delays of years not months," listing examples of delay between 4–10 years as unreasonable delay).

claim for plausible relief from the 24-month delay, considering all of the other *TRAC* factors.

For instance, when these third and fifth factors are considered along with the fourth factor—whether compelling the agency to act would detract from its higher or competing priorities, the Court finds the third and fifth factors at best to be neutral. The government must allocate its resources across thousands of applications: applications which typically implicate separation and financial hardship by those families.

The sixth factor has no bearing here. Plaintiffs have not alleged impropriety by Defendants.

In sum, after considering the *TRAC* factors at this time, the Court finds Plaintiffs have not plausibly alleged unreasonable delay in the issuance of a final decision on the husband's I-601 request for a waiver of the smuggling prohibition. Less than 24 months have passed since Plaintiffs filed the application. While not minimizing the stress and hardship caused by the spouses having to reside in two different countries, the Court finds, consistent with other precedent, this delay is not of sufficient duration to plausibly constitute unreasonable delay.

Yet, if considerably more time passes without the application being adjudicated, the *TRAC* analysis may compel a different outcome, or at least allow for the Complaint to survive the dismissal stage. For instance, case law indicates that a delay of 36 months or more may be considered unreasonable, in light of the other *TRAC* factors. Therefore, and in recognition that leave to amend should

generally be granted,[58] the Court seeks input from Plaintiffs as to how they wish to proceed. Within 14 days of this Order, Plaintiffs are to file a notice advising the Court if they wish to 1) stay this litigation until July 29, 2025, which is 3 years after the I-601 application was filed, or 2) have this lawsuit dismissed without prejudice at this time. If Plaintiffs elect to stay the litigation, they will be given leave to amend the Complaint upon lifting of the stay to allege any additional injuries that may have resulted from the delay. If the Ninth Circuit issues a decision in *Mercado v. Miller*[59] during the pendency of the stay, either party may move to lift the stay. The parties are to be prepared to address redressability if this lawsuit is revived.

### IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendants' Motion to Dismiss, **ECF No. 11**, is **GRANTED**.

2.      Within **14 days of this Order**, Plaintiffs are to file a notice advising whether they prefer the Court 1) stay this matter until July 29, 2025,

---

[58] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up) (Generally, if a court grants a Rule 12(b)(6) motion, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

[59] No. 2:22-cv-2182-JAD-EJY, 2023 WL 4406292, at *2–*3 (D. Nev. July 7, 2023), *appeal pending*, No. 23-16007 (9th Cir. 2023).

or 2) dismiss the lawsuit without prejudice. The United States may file a response to Plaintiffs' notice within **7 days of its filing**.

IT IS SO ORDERED.  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 11ᵗʰ  day June 2024.

_____

EDWARD F. SHEA
Senior United States District Judge